O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M. et al., | CASE NO. SACV 10-0185 AG (MLGx) |
| Plaintiffs, | ORDER GRANTING ATTORNEY'S FEES |
| v. | |
| CAPISTRANO UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

J.M., et al. ("Plaintiffs") filed a complaint ("Complaint") for attorney's fees from Defendant Capistrano Unified School District "(Defendant") based on a decision by the Office of Administrative Hearings in an administrative due process hearing in early 2008. After considering the briefs submitted and oral argument by the parties, the Court GRANTS attorney's fees to Plaintiffs in the amount of $50,000 for the due process hearing and in the amount of an additional $4,500 for bringing the instant case.

**BACKGROUND**

The following facts come primarily from the Complaint. J.M. is a minor child with a disability, specifically autism. (Compl. at ¶ 9.) In 2006, Defendant filed a request for due process ("RFDP") with the California Office of Administrative Hearings ("OAH") to determine the appropriateness of a Functional Analysis Assessment performed in May 2005. (Id. at ¶ 11.) A few months later, Plaintiffs cross-filed a request for due process through their attorney at the time, Paul Roberts of Roberts & Adams, Attorneys at Law. (Id. at ¶ 12.) Plaintiffs claimed, among other things, that Defendant denied J.M. a free and appropriate public education ("FAPE") when it failed to assess J.M. properly and failed to provide appropriate services. (Id.) After an order denying amendment, Plaintiffs filed a new RFDP, and the three RFDPs were consolidated. (Id. at ¶¶ 12, 13.)

The OAH conducted a multi-day hearing during a period from January 2008 through March 2008. (Id. at ¶ 13.) The OAH considered a total of approximately 22 total issues and sub-issues, based on this Court's count. (Compl., Ex. 1, p. 2-4.) The OAH ruled that "Student prevailed on issue 4a, whether an FAA should have been conducted during the spring of the 2005-2006 school year, and 4e, whether the District failed to provide sufficient behavior interventions services during the 2005-2006 school year. The District prevailed on all other issues." (Compl., Ex. 1, p. 65.) The OAH ordered that the District "shall reimburse Mother and Father $79,641.20" for a parent-provided educational assessment. (Id.)

Plaintiffs are no longer represented by the counsel who represented them during the OAH hearing. On February 16, 2010 Plaintiffs filed the instant action requesting attorney's fees as the prevailing party under 20 U.S.C. § 1415(i)(3). In the Complaint, Plaintiffs requested "reasonable attorney's fees, costs of suit and disbursements, no less than $336,387.50 plus interest . . . plus the additional fees incurred to pursue the current matter." (Compl. at 9:13-10:2.)

**LEGAL STANDARD**

Under the Individuals with Disabilities Education Act ("IDEA"), at 20 U.S.C. § 1415(i)(3)(B), "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." The prevailing party standard is not a high bar. "A prevailing party for the purpose of awarding attorney's fees is a party which 'succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" *Parents of Student W. v. Puyallup School Dist.*, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). But, "the inquiry does not end with a finding that the plaintiff obtained significant relief. A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440.

The IDEA specifically allows the Court to reduce the amount of attorney's fees. "[W]henever the court finds that--

    (i) the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;

    (ii) the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;

    (iii) the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or

    (iv) the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint described in subsection (b)(7)(A),

the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section." 20 U.S.C. § 1415(i)(3)(F).

## ANALYSIS

This inquiry has three steps. First, the Court must determine whether Plaintiffs were the prevailing party. If so, the Court then considers whether to grant attorney's fees. If the Court exercises its discretion to grant fees, then the Court must consider what would constitute reasonable attorney's fees.

### 1. PREVAILING PARTY

As Defendant states in its Response to Plaintiffs' Opening Brief ("Response"), the standard for a prevailing party under § 1415 is a minimal one. A prevailing party need only to have succeeded on "any significant issue." *Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006). When the plaintiff has succeeded on at least one point, attorney's fees may properly be denied only when "the plaintiff's success on a legal claim can be characterized as purely technical or de minimis." *Id.* at 1036 (quoting *Kletzelman v. Capistrano Unified School Dist.*, 91 F.3d 68, 71 (9th Cir. 1996).

The Court finds that Plaintiffs are a "prevailing party" under § 1415. The OAH ruled that Plaintiffs prevailed on two sub-issues, which resulted in a monetary award of over $79,000 to Plaintiffs. (Compl., Ex. 1, p. 65.) This is sufficient to establish that Plaintiffs succeeded on "any significant issue." *Park*, 464 F.3d at 1034.

### 2. WHETHER TO GRANT ATTORNEY'S FEES

Under *Hensley*, the prevailing party requirement "is a generous formulation that brings the plaintiff only across the statutory threshold." *Hensley*, 461 U.S. at 433. The Court has discretion to determine whether or not to grant any attorney's fees, even when Plaintiffs are the prevailing party. 20 U.S.C. § 1415(i)(3)(B) ("The court, in its discretion, *may* award reasonable attorneys' fees. . . .") (emphasis added). "[T]here are circumstances when even a plaintiff who

formally prevails . . . should receive no attorney's fees at all." *Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006) (internal quotations omitted).

The Court takes seriously Defendant's arguments about Plaintiffs' lack of candor in the discovery process regarding an alleged dispute with Plaintiffs' prior counsel over fees. (E.g., Response at 4:10-7:12.) But Plaintiffs contend that any disagreement with Roberts & Adams about the bills were because "they found they could no longer pay the legal bills that were mounting coupled with the news of Mr. Robert's illness." (Plaintiffs' Response to Capistrano Unified School District's Reply ("Reply"), at 13:7-14.) Plaintiffs also contend that "it was the manner and lack of timeliness in which Defendant's discovery requests were tendered that caused confusion" about what documents to produce. (Reply at 13:3-45.) The Court doesn't have enough information to determine whether Plaintiffs' explanation is correct.

Thus, despite Defendant's arguments about the discovery issues, the Court grants attorney's fees to Plaintiffs. Plaintiffs succeeded in obtaining a substantial benefit through the OAH hearing in the form of over $79,000, which caused a "material alteration of the legal relationship of the parties." *Tex. State Teacher's Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989). The Court finds that Plaintiffs are entitled to attorney's fees under § 1415, though only to a limited and reasonable extent as the Court will now address.

**3.    REASONABLE ATTORNEY'S FEES**

In granting attorney's fees, the Court "shall [consider] the rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection." 20 U.S.C. § 1415(i)(3)(C).

The Court may also consider to what extent Plaintiffs prevailed in determining reasonable attorney's fees. *Van Duyn v. Baker School Dist. 5J*, 502 F.3d 811, 826 (9th Cir. 2007) (remanding to district court for determination of attorney's fees and noting district court's discretion to consider that plaintiff prevailed on only one issue); *Aguirre*, 461 F.3d at 1118

5

("'[T]he level of a[n IDEA] plaintiff's success is relevant to the amount of fees to be awarded.'" (quoting *Hensley*, 461 U.S. at 430).

Plaintiffs initially requested attorney's fees of $336,378.50, plus additional fees for pursuing the current matter. (Compl. at 9:16.) Plaintiffs submitted a copy of the voluminous billing records from Roberts & Adams. (Compl., Ex. 2, p. 1-140.) In the Opening Brief, Plaintiffs reduced that number to $250,000, which would include the fees for this matter. (Opening Brief, at 11:17-18.)

The Court first considers the fees requested for the OAH hearing, and then turns to the fees requested for current counsel regarding the instant matter.

**3.1     Attorney's Fees for the OAH Hearing**

Plaintiffs presumably believe that fees over $336,000 would be unreasonable, because Plaintiffs voluntarily reduce the request to $250,000. In the Reply, Plaintiffs clarify that $25,000 of the $250,000 would be for current counsel's fees for the instant matter. (Reply at 18:8.) Because Plaintiffs initially sought current counsel fees *on top of* the $336,378.50 requested, this means that Plaintiffs actually voluntarily dropped their request for OAH hearing-related fees from over $336,000 to $225,000 (not $250,000). Plaintiffs attached the 140-page billing record from Roberts & Adams for the OAH hearing to the Complaint, but they did not directly address in the Opening Brief or Reply which of these fees should be discounted as being unreasonable. Plaintiffs only calculate that Roberts & Adams billed for approximately 1500 hours on the OAH hearing over a period two years, which would equal $225,000 at an hourly rate of $150. (Reply at 18:3-5.) But Plaintiffs do not show whether or not the 1500 billed hours were reasonable in the number of hours billed or in the work produced or in the number of different timekeepers for the matter.

So the Court must determine whether $225,000 constitutes a reasonable fee for the work done by Roberts & Adams. The Court finds that Plaintiffs' proposed $150 hourly rate for work done by Roberts & Adams is reasonable, despite the scant evidence provided about the skill

level or quality of the attorneys who worked on the OAH hearing. The Court also finds that it is reasonable to discount the number of billable hours from 1500 to 1000. As noted in the Background section and as discussed at the hearing, Defendant initiated the lawsuit by filing a request for due process (RFDP) with a single issue. Plaintiffs then responded by filing two additional RFDPs, which led to a total of 22 – by this Court's count – issues and sub-issues to be determined at the OAH hearing. Under 20 U.S.C. § 1415(i)(3)(F), the Court shall reduce the attorney's fees if the attorney "unreasonably protracted the final resolution of the controversy" or if the "time spent and legal services furnished were excessive considering the nature of the action or proceeding." Based on the limited evidence furnished by Plaintiffs, the Court finds that the Plaintiffs' prior counsel likely protracted the OAH hearing beyond what was necessary, but the Court doesn't have enough evidence to conclude that the prior counsel definitely protracted the OAH hearing. The Court also finds that the time spent working on the OAH hearing was excessive. Further, at this Court's hearing, the Court was told that Roberts & Adams billed Plaintiffs for 10 different timekeepers and they sent three attorneys to the hearing itself. This strongly suggests redundant and excessive billing. These considerations all show that Plaintiffs' requested fees are not reasonable and should be reduced. The Court finds that, in light of these considerations, a one-third reduction in the number of hours, from 1500 to 1000, is reasonable. Thus, $150/hour x 1000 hours = $150,000.

But this is not the end of the inquiry. The Court must also determine whether it would be reasonable to reduce the attorney's fees under the *Aguirre* rule of degree of success.

Defendant argues that Plaintiffs only prevailed in one out of the five school years addressed at the OAH hearing and therefore the fees should be reduced proportionately. (Response at 22:21-26.) The *Aguirre* court noted that the degree of success test "will help deter parties (or their lawyers) from adding frivolous claims that exacerbate disputes and strain the resources of both parents and school districts. . . . It is understandable that without cost considerations, parents facing litigation would bring as many claims as possible, hoping to secure a larger share of the district's resources." *Aguirre*, 461 F.3d at 1120.

The Court finds that it is reasonable to reduce the fees because of Plaintiffs' limited success at the OAH hearing. Although Defendant argues that Plaintiffs' award should be reduced by 80% because they prevailed for one out of five school years, the Court finds that Plaintiffs' success in achieving a reimbursement of approximately $79,000 demonstrates a higher degree of success than what Defendant has proposed. But Plaintiffs did have limited success on the issues presented at the OAH hearing, especially considering that Plaintiffs were responsible for presenting the vast majority of the issues and sub-issues for the hearing. *See S.A. ex rel. his parents v. Tulare County Office of Educ.*, No. CV F 08-1215 LJO GSA, WL 4048656 at *7 (E.D. Cal. Nov. 20, 2009) (reducing attorney's fees by 90% under Aguirre degree of success test).

Here, it is appropriate to balance the lack of success on most sub-issues and lack of success on four of out five school years against the substantial reimbursement for Plaintiffs and their success on two sub-issues. The Court finds that a reduction of 66.67% is appropriate here, resulting in an award of 33.33% of the $150,000 lodestar calculation. ($150,000 x 33.33% = $50,000.)

Thus, the Court finds that Plaintiffs are entitled to an award of $50,000 in attorney's fees for prevailing at the OAH hearing.

**3.2   Fees for Loyer's Work in this Case**

Plaintiffs also request an award of $25,000 for bringing the current action. (Reply at 18:8-9; Declaration of Kathleen Loyer in Support of the Reply ("Loyer Decl."), ¶ 13.) But Plaintiffs provide no evidence of Ms. Loyer's billing rates for this matter, her hours worked, her billing records, or any other evidence supporting the request of $25,000. Plaintiffs also provide no discussion of the law governing the award of fees for Ms. Loyer's work.

Ms. Loyer states in her Declaration that her customary hourly fee is between $400 and $450 per hour. (Loyer Decl. at ¶ 6.) Assuming an hourly rate of $400, Ms. Loyer would have

had to work 62.5 hours on the current action to result in a request of $25,000. The Court finds that 62.5 hours is unreasonable given the quantity and quality of work produced.

Despite the fact that Ms. Loyer has given the Court virtually no guidance other than a threadbare assertion of entitlement, the Court finds that Plaintiffs are entitled to some attorney's fees for Ms. Loyer's work in the current action. The Court finds that an hourly rate of $300 for Ms. Loyer is reasonable, and the Court finds that 15 hours is reasonable in this situation. Thus, the Court finds that Plaintiffs are entitled to an award of $4,500 ($300 x 15) for Ms. Loyer's work on the current action.

**DISPOSITION**

The Court GRANTS an award of attorney's fees to Plaintiffs in the amount of $50,000 for prevailing at the OAH hearing. The Court GRANTS an award of attorney's fees in the amount of $4,500 to Plaintiffs for bringing the current action. Thus, the Court GRANTS a total award of attorney's fees of $54,500 to Plaintiffs.

IT IS SO ORDERED.

DATED: March 31, 2011

                                                      Andrew J. Guilford
                                            United States District Judge